PER CURIAM.
Appellant seeks reversal of the denial of a motion filed under Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, and reverse in part.
Appellant and a codefendant were charged with burglary of a dwelling and grand theft. Appellant and codefendant were also charged by indictment with first degree murder, burglary while armed and kidnapping. The two cases were consolidated for trial, and appellant was found guilty of all charged offenses except the kidnapping charge.[1]
Appellant claims he was denied the effective assistance of trial counsel because the insanity defense was not employed and because trial counsel did not object to the size of the jury. Appellant claims the jury was composed of only six persons.[2]
The appellant presented at trial an alibi defense, and he does not now refute that alibi evidence. Further, appellant fails to identify any record evidence suggesting mental impairment at the time of the offense. Appellant therefore fails to show he was prejudiced by the defense employed at trial and, accordingly, we see no error in the trial court’s summary denial on this issue. See Alvord v. Wainwright, 725 F.2d 1282 (11th Cir.1984).
However, we must reverse and remand for attachment of portions from the record indicating that appellant’s assertion that he was tried by a six-person jury is without merit. We note that the state attorney filed a response to appellant’s motion, and attached to that motion is a copy of the court reporter’s notes of appellant’s consolidated trial. These notes reflect that the appellant was tried by a twelve-person jury. However, attached to appellant’s reply to the state’s response is a copy of the title page of appellant’s trial transcript indicating appellant was tried by six persons. Because appellant states a claim upon which relief may be granted, the trial court erred in summarily denying relief on this issue without attaching portions of the record conclusively refuting appellant’s allegation. Accordingly, the cause is remanded for consideration of appellant’s claim regarding the size of the jury.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.

. Appellant had been charged by information with attempted escape and battery on a law enforcement officer. He pled guilty to the battery charge. Although appellant inadvertently used the circuit case number assigned to the battery and attempted escape offenses, the motion did not raises any issue regarding that case.

. Appellant notes in his motion that his trial counsel was suspended from the practice of law because of inappropriate handling of trust account funds. Appellant does not appear to argue that the suspension is proof of ineffective assistance; however, if such an argument was made, it would not have proved meritorious for there was no demonstrated nexus between appellant’s trial and counsel’s trust account procedures.